JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-1276-JST (ANx)                                             Date:  August 8, 2012

Title:  Vanity Homes Investments, LLC v. Dennis McDonald; Sharon McDonald

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not present                                                       Not present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2012-00576842**

     Plaintiff Vanity Homes Investments, LLC ("Vanity Homes") filed this unlawful detainer action against Defendants Dennis McDonald ("McDonald"), Sharon McDonald, and Does 1 to 5 in Orange County Superior Court on June 14, 2012, Case Number 30-2012-00576842.  On August 8, 2012, McDonald removed this action citing 28 U.S.C. §§ 1334[1] and 1441-1447, arguing that removal is proper "pursuant to [McDonald's] important civil and constitutional rights to due process."  (Doc. 1.)  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

---

[1] Section 1334 vests district courts with "original and exclusive jurisdiction of all cases under title 11"—the bankruptcy code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1276-JST (ANx) | Date:  August 8, 2012
---|---
Title:  Vanity Homes Investments, LLC v. Dennis McDonald; Sharon McDonald |

Here, McDonald asserts that removal is proper on the basis of his civil rights, while citing the statute vesting federal courts with exclusive jurisdiction for bankruptcy cases.  He is mistaken.

First, McDonald's contention that federal jurisdiction lies because his constitutional rights are being violated appears to be an argument that federal-question jurisdiction lies.  However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").  There is no federal question apparent on the face of Vanity Homes' complaint, which alleges only a state law unlawful detainer claim.  *See IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Second, construing McDonald's notice of removal as arguing for civil-rights removal, he fails to show that removal under section 1443 is appropriate because he has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [his] federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Although he states in his Notice of Removal that California Civil Code § 2924 deprives him of his equal-protection and due-process rights, he does not assert that that statute commands the state courts to ignore his federal rights.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case No. 30-2012-00576842.

Initials of Preparer:  enm